IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| U.S. FOODSERVICE, INC. | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Aswad Clark, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that U.S. Foodservice, Inc. ("Defendant Employer") discharged Clark based on his race, black.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Defendant Employer has continuously been doing business in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Aswad Clark filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2, 2010, Defendant Employer engaged in unlawful employment practices at its facility in Memphis, Tennessee in violation of §703(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a) and the Civil Rights Act of 1991. The unlawful employment practices include Defendant Employer discharging Clark based on his race, black.

    a. Defendant Employer is a food service distribution company that distributes food products, cleaning supplies, and food service equipment.

    b. Defendant Employer hired Clark, black male, in 1997 as an Order Selector, and Clark was subsequently promoted to Night Warehouse Supervisor.

c. Marcus Houseton supervised Clark in his position of Night Warehouse Supervisor.

d. On January 15, 2010, delivery driver Dickie Denton, white male, reported to work and said he had been drinking alcohol.

e. Clark was at the facility, and contacted a supervisor for instruction.

f. The supervisor gave instructions for Denton not to leave on his delivery route.

g. Denton left on his delivery route in the company delivery truck.

h. Fred Roth, Defendant Employer's Safety Specialist, white, evaluated Denton at the first stop on Denton's delivery route.

i. Roth allowed Denton to continue his delivery route in the company delivery truck.

j. At a subsequent stop on Denton's delivery route, a customer called Defendant Employer and reported concerns about Denton.

k. Defendant Employer thereafter removed Denton from his delivery route.

l. Defendant Employer terminated Clark regarding the January 15, 2010 incident.

m. Defendant Employer did not terminate Denton, white, for the January 15, 2010 incident.

n. Defendant Employer did not terminate Roth, white, for the January 15, 2010.

8. The effect of the practices complained of in paragraph 7 above has been to

deprive Clark of equal employment opportunities and otherwise adversely affect his employment because of his race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Aswad Clark.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of race discrimination.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of unlawful employment practices.

C. Order Defendant Employer to make whole Aswad Clark by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including reinstatement and/or front pay for Aswad Clark.

D. Order Defendant Employer to make whole Aswad Clark by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out of

pocket expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Aswad Clark by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional distress, pain, suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Aswad Clark punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission KT)
FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 011730

s/ Joseph M. Crout (with permission KT)
JOSEPH M. CROUT
Supervisory Trial Attorney
Tennessee Bar No. 012957

s/ Matthew H. McCoy (with permission KT)
MATTHEW H. McCOY
Trial Attorney
Indiana Bar No. 29368-49

s/ Kelley Thomas
KELLEY THOMAS
Trial Attorney
Tennessee Bar No. 023926

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070