**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:11-cv-02861 **JURY DEMANDED** |
| U.S. FOODSERVICE, INC. | ) ) ) | |
| Defendant. | ) | |

**CONSENT DECREE**

**INTRODUCTION**

The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant, US Foods, Inc., (f/k/a U.S. Foodservice, Inc.) (Defendant) alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., (Title VII) and Title I of the Civil Rights Act of 1991. In the Commission's Complaint filed on September 30, 2011, the Commission alleges that Defendant discriminated against Aswad A. Clark at its Memphis facility because of his race (black) when it terminated his employment.

Defendant denies the allegations contained in the Commission's Complaint. This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint. The Commission and the Defendant have consented to entry of this Decree to avoid the additional expense that

1

continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. Neither party has made any representations or inducements to compromise this action, other than those recited or referenced in this Decree.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations and the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.  JURISDICTION

1.      The parties stipulate that the United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2.      No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of either party to seek enforcement in the event it alleges the other party has breached any of the terms of this Decree.

## II.  SCOPE AND DURATION OF THIS DECREE

3.      This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:11-cv-02861, alleging unlawful employment practices by Defendant based on Charge No. 490-2010-00844 filed by Aswad A. Clark. This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 490-2010-00844.

4.      The provisions of this Decree apply to Defendant's Memphis facility located at 5900 East Holmes Road, Memphis, TN   38141 ("Memphis Facility"), and are effective immediately upon the date that the Decree is entered by the court and shall be binding upon the parties to this lawsuit for eighteen (18) months after the effective date of this Decree.

### III.  INJUNCTIVE RELIEF

5.      Defendant is enjoined from subjecting any employee to race discrimination.

6.      Defendant is enjoined from retaliating against any employee because the individual has opposed alleged race discrimination under Title VII.

### IV.  TRAINING

7.      Defendant will provide a training program on non-discrimination and anti-harassment, including discussion of race discrimination, to all managerial and supervisory employees working at Defendant's Memphis Facility.

(a)     Defendant will schedule the training and conduct it within sixty (60) days after the date of the entry of this Decree.

(b)     Defendant will send a member of the corporate compliance department to appear at this training and advise participants of the company's non-discrimination policy.

8.      Defendant will advise managerial and supervisory staff in writing that the training is mandatory.  The training will last two (2) hours and will include, but not necessarily be limited to, the following:

(a)     The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

(b)     An in-depth discussion of unlawful discrimination, including what

constitutes race discrimination;

(c)     A discussion of how to prevent, identify, and remedy unlawful discrimination; and

(d)     A discussion of Defendant's policy prohibiting unlawful discrimination, including procedures and responsibilities for reporting, investigating and remedying race discrimination.

9.     Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has at least ten (10) years experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraphs 7 and 8 above.

10.    Defendant shall advise all management or supervisory employees at its Memphis Facility that the training is being conducted pursuant to this Consent Decree and shall explain the non-monetary provisions of the Consent Decree.

## V.  RELIEF

11.    Defendant will pay a total of $165,000.00 to Aswad Clark in full and final settlement of the claims of Aswad Clark under the Commission's Complaint.

(a)     $40,000.00 of the total amount is designated as alleged back pay; and

(b)     $125,000.00 of the total amount is designated as alleged non-pecuniary compensatory damages.

12.    Defendant will issue a W-2 form to Aswad Clark for the amount of monetary relief designated as back pay.  Lawful employment payroll deductions for social security and withholding taxes shall be deducted from back pay amounts, and the deductions shall be itemized.

13.     Defendant is responsible for all State and Federal employer withholding, including without limitation the employer's share of payments for FUTA and FICA, and such payments shall not be deducted from the settlement payments.

14.     Defendant will issue a 1099 form to Aswad Clark for the amounts designated as non-pecuniary compensatory damages and shall designate that the amount was issued as alleged damages.

15.     Within twenty (20) business days of the entry of this Decree by the court, Defendant shall mail a check, via certified mail, to Aswad Clark at the address provided by the Commission.  Concurrently, a copy of the check and related correspondence will be mailed to Kelley Thomas, Trial Attorney, at the Commission's Memphis District Office.

16.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## VI.  RECORDKEEPING AND REPORTING PROVISIONS

17.     Defendant will maintain records of any complaints of race discrimination involving its Memphis, Tennessee facility.   These records must include the name  of the employee(s) making the complaint, the date of the complaint, a detailed description of the allegations made, the name and job title of the alleged bad actor, and what actions, if any, Defendant took in response to the complaint.

18.     Defendant will provide a report to the Commission twelve (12) months from the date of entry of this Decree.  The report must contain a summary of the information recorded by Defendant pursuant to Paragraph 17, above; a record of attendance at the training program required by Paragraphs 7 and 8 above; and a certification by Defendant that the Notice required to be posted by Paragraph 20 below remained posted during the time period preceding the report.

19.      Defendant shall mail the report to Kelley Thomas, Trial Attorney, the Commission's Memphis District Office.

## VII.  NOTICE

20.      Defendant will post the Notice attached as Exhibit A within ten (10) days of entry of this Decree.  Defendant will post Exhibit A at its Memphis Facility, in conspicuous places upon its premises where notices to employees and applicants for employment are customarily posted, and keep Exhibit A posted for a period of twelve (12) months.

21.      Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## VIII.  NOTIFICATION OF SUCCESSORS

22.      Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, prior written notice of the existence of this Decree.

## IX.  ENFORCEMENT

23.      If either party believes the other party has failed to comply with the terms of this Decree, that party has a right to seek enforcement of the obligations under this Decree.  The party alleging breach will provide ten (10) days notice to the other party of any perceived deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in compliance with the terms of this Decree, the party alleging a breach will then have the option of petitioning the Court for relief.

## X.  MISCELLANEOUS

24.      Each of the parties shall bear its own costs and attorney fees.

25.      If the Court finds any provision of this Decree unlawful, the Court will sever only

such provision, and the remainder of the Decree will remain in full force and effect.

26.     When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

**IT IS SO ORDERED** THIS 7th DAY OF September, 2012.


_____*s/  Samuel H. Mays, Jr.*_____
**SAMUEL H. MAYS, JR.**
**U.S. DISTRICT JUDGE**

- 7 -

Approved by the parties:

**FOR THE COMMISSION**                          **FOR DEFENDANT**

**P. DAVID LOPEZ**
General Counsel                                 /s/ Asia N. Diggs
                                                ASIA N. DIGGS
**JAMES LEE**                                   Tennessee Bar No. 027185
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**                       **FORD & HARRISON LLP**
Associate General Counsel                       795 Ridge Lake Blvd., Suite 300
                                                Memphis, TN 38120
**FAYE A. WILLIAMS**                            Telephone:  (901) 291-1500
Regional Atttorney                              dsmith@fordharrison.com
Tennessee Bar No. 011730

**JOSEPH CROUT**
Supervisory Attorney
Tennessee Bar No. 012957

_____
**KELLEY THOMAS**
Trial Attorney
Tennessee Bar No. 023926

_____
**MATTHEW H. McCOY**
Trial Attorney
Indiana Bar No. 29368-49

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:  (901) 544-0099

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is posted to all Memphis employees pursuant to an agreement entered into between US Foods, Inc. and the Equal Employment Opportunity Commission.

Race discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.

It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

US Foods does not and will not tolerate or condone race discrimination or retaliation against any employee or applicant for employment.  Race discrimination, which includes racial harassment, and retaliation for reporting discrimination are violations of company policy as well as federal law.  Violation of these company policies by anyone employed by US Foods will result in disciplinary action up to and including termination.  A copy of the policy is contained in the US Foods Employee Handbook, is posted in this facility, and is available from Human Resources.

If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

US Foods Human Resources             Equal Employment Opportunity Commission
Pat Warren                                       1407 Union Avenue, Suite 901
HR Manager, Memphis Division         Memphis, TN  38104
901-367-3299 or                              Telephone (901) 544-0119
U.S. Foods' Check-in Line               Website:  www.eeoc.gov
1-888-310-7716

This Notice will remain posted for a period of twelve (12) months from the date signed below.


_____                                _____
Date                                                          US Foods, Inc.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED, DEFACED OR REMOVED, OR COVERED**